# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMPARTS, INC., a Nevada corporation, d/b/a/ Luxor Hotel and Casino, <br><br> Plaintiff, <br><br> vs. <br><br> FIREMAN'S FUND INSURANCE COMPANY, a California corporation; THE AMERICAN INSURANCE COMPANY, an unknown entity; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 2:09-cv-0371-RLH-LRL <br><br> **O R D E R** <br><br> (Motion for Summary Judgment–#22; Motion for Summary Adjudication–#23) |

   Before the Court is Defendants Fireman's Fund Insurance and American Insurance Company's **Motion for Summary Judgment** (#22), filed February 17, 2010. The Court has also considered Plaintiff Luxor Hotel & Casino's Opposition (#24), filed March 5, 2010, and Defendants' Reply (#27), filed March 22, 2010.

   Also before the Court is Luxor's **Motion for Summary Adjudication** (#23), filed February 25, 2010. The Court has also considered Defendants' Opposition (#28), filed March 22, 2010, and Luxor's Reply (#29), filed April 8, 2010.

/

1

**BACKGROUND**

Plaintiff owns and operates the Luxor Hotel & Casino in Las Vegas, Nevada. On December 15, 2006, Luxor entered into a lease agreement with Heptagon, a non-party to this action, in which Heptagon agreed to construct, develop, and operate a restaurant called the Cathouse Lounge on the mezzanine level in the Luxor Hotel. Shortly after signing the agreement, Heptagon demolished existing interior fixtures, designed and performed structural modifications, and installed new finishes, fixtures, and equipment on the property. Several months before opening the restaurant, Heptagon contacted an insurance broker in order to obtain insurance. After reviewing a number of options, Heptagon purchased a "package insurance policy" (a policy that includes both liability and property coverage) from Defendant Fireman's Fund. As the opening of the restaurant grew near, however, Heptagon's insurance broker apparently requested that changes be made to the insurance policy. According to Defendants, Heptagon's initial insurance policy was canceled and Heptagon was issued a new package policy from Defendant American Insurance Company—a subsidiary of Fireman's Fund. This policy was apparently rewritten because Heptagon was shifting from a company preparing to open for business to a company that actually does business.

Cathouse Lounge opened for business in December 2007. On February 26, 2008, during Cathouse Lounge's peak operating hours, part of the restaurant premises became overloaded with people and a portion of the structure began to buckle and fail. The Cathouse floor collapsed and immediately dropped almost a foot, damaging the structures of both the Cathouse Lounge and the Luxor Hotel. The restaurant and some portions of the hotel were immediately evacuated. Shortly thereafter, the Clark County Department of Building Services ordered Luxor to close the Cathouse Lounge and the damaged portions of the hotel so that the cause and extent of the damage could be identified. Luxor subsequently hired a number of internal and external experts who apparently determined that the Cathouse Lounge was not built to support the number of people that had been frequenting the restaurant. Both Luxor and Heptagon paid to repair the

1  structural deficiencies and damage to their respective properties, and on March 21, 2008, the
2  restaurant and the affected portions of the hotel re-opened for business.
3          Heptagon subsequently made a claim for loss of income and property damage under
4  its insurance policy with American Insurance.  American Insurance investigated the accident and
5  entered into a settlement agreement and release of claims with Heptagon on August 12, 2008.  As
6  part of the agreement, American Insurance paid Heptagon $499,877.84 for the loss of its property
7  and income.  Ten days later, on August 22, Luxor submitted a claim for indemnification "as an
8  additional insured" under Heptagon's initial insurance policy with Fireman's Fund and its
9  subsequent policy with American Insurance.  (Dkt. #22, Mot. Ex. J.)  Fireman's Fund denied this
10 request, stating that it cancelled Heptagon's policy prior to the accident, and American Insurance
11 denied this request, concluding that Luxor was not entitled to coverage under Heptagon's policy.
12         On January 14, 2009, Luxor filed suit in Nevada state court against Defendants
13 seeking a declaration that (1) Luxor is an additional insured under Heptagon's insurance policies;
14 (2) Luxor is entitled to insurance coverage for property damage as an additional insured; (3) Luxor
15 is entitled to insurance coverage based on the "property of others" clause in the policies; (4) Luxor
16 is entitled to coverage under the "business interruption and extra expenses" clause of the policies;
17 and (5) Luxor is entitled to coverage under the "covered glass and foundations" clause of the
18 policies.  In addition to these claims for declaratory relief, Luxor brings claims for breach of
19 contract, bad faith, and unfair claims practices.  On February 25, Defendants removed the case to
20 this Court based on the diversity of the parties.  Both parties now move for summary judgment.
21 For the reasons discussed below, the Court grants both parties' motions in part and denies them in
22 part.

**DISCUSSION**

I. **Fireman's Fund Policy**

25         Both parties agree that Heptagon purchased a package insurance policy from
26 Fireman's Fund.  The parties dispute, however, whether this policy was in effect when the floor at

1  the Cathouse Lounge collapsed in February 2008.  Defendants allege Fireman's cancelled this
2  insurance policy in December 2007 at the request of Heptagon's insurance broker because the
3  Cathouse Lounge was about to open for business, thus changing the nature of Heptagon's risks.  In
4  support of this assertion, Defendants provide the affidavit of Andrew Hymes, an underwriter for
5  Fireman's, who testifies that the policy was cancelled.  Based on this testimony, Defendants ask
6  the Court to grant summary judgment as to all claims arising under the Fireman's Fund insurance
7  policy.

8  Although Hymes' testimony alone does not justify summary judgment, the Court
9  grants Defendants' motion because Luxor has provided no evidence to indicate it is entitled to
10 coverage under the Fireman's Fund policy.  First and most important, Luxor has not provided the
11 Court with a copy of the insurance policy; it has merely provided a certificate of insurance
12 indicating that Heptagon took out an insurance policy from Fireman's that named Luxor as an
13 additional insured.  Without an actual copy of the policy itself, the Court cannot determine whether
14 there is coverage and whether any of Luxor's claims—especially its specific claims for declaratory
15 relief—have merit.  Because it is the plaintiff in this case, Luxor has the burden of either
16 producing the insurance policy or explaining why it does not have a copy of the policy, neither of
17 which it has done.

18 Second, the actions of the parties in this case indicate that the American Insurance
19 policy is the effective policy at issue here.  Heptagon entered into a settlement with American
20 Insurance relating to the February 2008 accident, but there is no record of any such settlement
21 under the Fireman's policy.  In addition, Luxor purports to bring its claims under both the
22 Fireman's policy and the American Insurance policy, but all of its requests for declaratory relief
23 directly track the language of the American Insurance policy—a policy which Luxor has provided
24 to this Court.  These facts support the conclusion that the American Insurance policy, not the
25 Fireman's policy, is the operative policy agreement in this case.  Therefore, not only has Luxor not
26 provided a copy of the insurance policy, but also the evidence indicates that at the time of the

accident, only the American Insurance policy was operative.  Accordingly, the Court grants Defendants' motion for summary judgment in its entirety as it relates to Luxor's claims arising under the Fireman's policy.  The Court also denies Luxor's motion for summary judgment in its entirety to the extent it seeks coverage under the Fireman's policy.  The remainder of this Order will address Luxor's claims under the American Insurance policy.

**II.     American Insurance Policy**

The parties do not dispute that at the time of the accident, Heptagon was insured under an insurance policy with American Insurance Company, a subsidiary of Fireman's Fund.  Both parties now move for summary judgment on each of Luxor's claims under this policy.  The Court addresses each of these claims as follows.

**A.     Declaratory Relief: Additional Insured**

In its first claim for declaratory relief, Luxor seeks a declaration stating that it is an additional insured under Heptagon's insurance policy with American Insurance.  The insurance policy provides for the possibility of additional insureds under the insurance agreement.  The policy defines an additional insured as any party that has entered into a written contract with Heptagon in which Heptagon agrees to add that party "as an additional insured under this policy." (Dkt. #23, Ex. 22, FF 03119.)  Importantly, Heptagon agreed in the original lease agreement to add Luxor as an additional insured: the contract states that Heptagon "is to name" Luxor "as additional insureds on all [insurance] policies, except for worker's compensation." (Dkt. #23, Ex. 23, FF 02734.)  Nonetheless, as Defendants point out, additional insureds are entitled to coverage under the policy "only to the extent" they are held "liable for bodily injury, property damage, or personal and advertising injury caused by [Heptagon's] acts or omissions." (Dkt. #23, Ex. 22, FF 03119.)

The Court grants Luxor's motion for summary judgment on this issue because the insurance policy clearly establishes that Luxor is an additional insured.  The policy states that any party Heptagon contracts with to be an additional insured is entitled to such status under the policy, and Heptagon clearly promised in the lease agreement to name Luxor as an additional

insured. The Court notes that this conclusion is bolstered by the fact that American Insurance's "Certificate of Liability Insurance" states that "Ramparts, Inc. dba: Luxor Hotel & Casino, its parent company, subsidiaries, and affiliates are named as additional insureds as required by written contract." (Dkt. #23, Ex 19.) Nonetheless, while the Court grants Luxor's motion for summary judgment on this point, it does so with the understanding that Luxor is an additional insured only to the extent it seeks indemnification for liability for bodily injury, property damage, or advertising injury caused by Heptagon's acts or omissions. Luxor's rights as an additional insured under the policy do not extend beyond this language.

**B.     Declaratory Relief: Property Damage**

Luxor also asks the Court to declare that it is entitled to coverage as an additional insured for property damage it suffered as a result of the accident. After reviewing the terms of the insurance policy, the Court finds Luxor is not entitled to such coverage. As already noted, the insurance policy states that as an additional insured, Luxor is entitled to coverage "only to the extent [Luxor] is held liable for bodily injury, property damage, or personal and advertising injury caused by [Heptagon's] acts or omissions." (Dkt. #23, Ex. 22, FF 03119.) In this case, Luxor is not seeking coverage because it is being held liable by another party for personal injury or property damage; instead, it is seeking to obtain insurance proceeds directly as a result of Heptagon's alleged negligence. This is not what the insurance policy contemplates. Luxor is entitled to coverage as an additional insured only if someone recovers against Luxor, not if Luxor wants to recover as a claimant under the insurance policy. Because the additional insured coverage in this case applies solely to Luxor's potential liability, the Court grants Fireman's Fund's motion for summary judgment and denies Luxor's motion for summary judgment on its claim for declaratory relief.

/

/

/

6

### C.     Declaratory Relief: Business Interruption, Extra Expenses, Covered Glass, and Damage to Foundation

Luxor also alleges it is entitled to recover under the insurance policy for damages suffered as a result of interruption to its business, extra expenses, and damage to its structural foundation. The Court grants Defendants' motion for summary judgment on this claim for the same reason it granted their motion regarding Luxor's claim for property damage. Although the policy permits Heptagon, the named insured, to recover these additional economic damages, this coverage does not extend to Luxor because Luxor is an additional insured only if it is held liable for damages caused by Heptagon's acts or omissions. As stated above, Luxor is not seeking indemnification for damages for which it could be liable; instead it is seeking to recover insurance proceeds as an injured party in this case. If Luxor wishes to recover these types of damages, it must do so as a claimant, not as an additional insured. Accordingly, the Court grants Defendants' motion for summary judgment and denies Luxor's motion for summary judgment on its claim for declaratory relief.

### D.     Declaratory Relief: Property of Others

Luxor also seeks a declaration that it is entitled to coverage based on a provision in the contract relating to other parties' property. The policy states that American Insurance will "cover the property of others while it is at a covered location" and that it will "cover such property against loss from a cause of loss we cover applying to your business personal property at the location." (Dkt. #23, Ex. 22, FF 03028.)[1] In order to determine whether this contractual provision applies to Luxor's property loss, the meaning of the relevant terms in this clause must be determined. The policy defines "property of others" as "property which does not belong to Heptagon." (Dkt. #23, Ex. 22, FF 02993.) It also defines "covered location" as the "Luxor Hotel & Casino at 3900 Las Vegas Blvd. South in Las Vegas, Nevada." (Dkt. #23, Ex. 22, FF 02993,

---

[1] As noted by Fireman's Fund, this insurance coverage is limited to $10,000. (Dkt. #23, Ex. 22, FF 03028.)

7

03020.) Finally, in identifying the "causes of loss" covered under the policy, the policy states that American Insurance will "pay for loss or damage caused by . . . collapse of a building or any part of a building caused only by . . . [w]eight of people or personal property." (Dkt. #23, Ex. 22, FF 03044.)

The Court finds Luxor is entitled to coverage under the "property of others" clause in the insurance contract, and it grants Luxor's motion for summary judgment to this effect. The parties do not dispute that the accident took place in the Luxor Hotel & Casino, that the collapse of the Cathouse Lounge was caused by the large number of people on the mezzanine level, and that Luxor suffered property damage as a result of the accident. This scenario falls directly under the insurance contract's definition of "property of others", "covered location", and "causes of loss." Based on this language, the Court concludes Luxor is entitled to coverage as one whose property was damaged as a result of an accident covered by the insurance policy. The Court therefore grants Luxor's motion for summary judgment and denies Defendants' motion for summary judgment on this claim for declaratory relief.

### E. Breach of Contract and Bad Faith

Luxor alleges Defendants breached the insurance contract and acted in bad faith when they refused to cover Luxor as an additional insured under the insurance policy. Luxor asks the Court to grant summary judgment on these claims, but only as to liability: Luxor specifically asks the Court to reserve questions regarding damages and other remedies for a later date. Defendants, on the other hand, allege they are entitled to summary judgment on both of these claims because they were not required under the terms of the policy to provide the insurance coverage Luxor seeks.

The Court grants Defendants' motion for summary judgment on Luxor's claims for breach of contract and bad faith because Defendants were not required to provide coverage under the insurance policy based on Luxor's claim for coverage as an additional insured. Luxor specifically sought insurance coverage as "an additional insured" for damages it suffered as a

result of the February 2008 accident. (Dkt. #22, Mot. Ex. J.) However, as noted above, Luxor is an additional insured under the insurance policy only when Luxor could be held liable by a third party for Heptagon's negligence—not when Luxor itself requests insurance benefits. Because Luxor is not entitled to this coverage, Defendants did not breach the insurance agreement or act in bad faith when they denied Luxor's property damage claim based on its status as an additional insured. Accordingly, the Court grants Defendants' motion for summary judgment and denies Luxor's motion for summary judgment on these claims.

      **F.**      **Unfair Claims Practices**

Luxor also brings a claim under Nevada's Unfair Claims Practices Statute, NRS § 686A.310. This statute was enacted as "part of a comprehensive plan to regulate insurance practice in Nevada." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins.*, 863 F. Supp. 1237, 1241 (D. Nev 1994). The statute grants insureds and claimants a private right of action against insurance companies that violate this statute. *Id.* In its complaint, Luxor references the language of NRS § 686A.310 and asserts that Defendants are liable for failing to (1) acknowledge and act reasonably promptly upon communications with respect to claims arising under the policy; (2) implement reasonable standards for the prompt investigation and processing of Luxor's claims; (3) affirm or deny coverage of claims within a reasonable time; and (4) promptly provide a reasonable explanation based on the policy for its denial of Luxor's claim.

Specifically, Luxor alleges Defendants violated these provisions when they waited several months to respond to Luxor's claim under the policy and when they failed to state the basis for denying the claim. Defendants argue that they cannot be liable under this statute because the statute on its face applies only to "claims arising under the insurance policies." NRS 686A.310(1)(b). According to Defendants, because Luxor ultimately is not entitled to coverage as an additional insured, its claim does not arise under the insurance agreement and Defendants cannot be liable under this statute.

/

9

The Court grants Luxor's motion and denies Defendants' motion for two reasons. First, the Court is unpersuaded by Defendants' argument that they cannot be liable under NRS 686A.310 in the absence of actual coverage. The plain language of the statute indicates that Defendants' assertion is incorrect. Under § 310(1)(d), an insurer is liable for an unfair claims practice when it fails to "affirm or deny coverage within a reasonable time." In enforcing this statute, the Nevada Insurance Commission has established that insurance companies must inform insureds and claimants within thirty days of their decision regarding the pending insurance claim. NAC 686A.670.2. Thus, an insured or claimant has a cause of action against an insurer if the insurer takes more than thirty days to inform the insured that there is no coverage. *Id.* In addition to this plain language, the fact that the statute provides a private right of action and was enacted as "part of a comprehensive plan to regulate insurance practice in Nevada" supports the conclusion that liability under the statute is not limited by whether or not insurance coverage exists. *Pioneer Chlor Alkali Co.*, 863 F. Supp. at 1241. Finally, the Court notes that in *Pioneer Chlor Alkali v. National Union Fire Insurance* it held that "the provisions of NRS § 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Id.* at 1243.

Second, the Court grants Luxor's motion because no genuine issue of material fact exists regarding whether Defendants violated NRS 686A.310. Defendants do not dispute that they failed to provide thirty days notice regarding their decision to deny Luxor's claim under the insurance policy. Defendants admit they received notice of Luxor's claim under the insurance policy by August 2008 and that they did not respond to this request for several months. Albert Ramirez, one of the insurance adjustors assigned to this claim, testifies that he sent a cursory letter indicating that Luxor's claim was not covered under the insurance policy in January or February 2009, almost six months after Luxor's original claim under the policy. (Dkt. #23, Mot. Ex. C.) In addition, Robin Singer, a claims director for Defendants, testifies that she was told not to communicate further with Luxor regarding the accident because Luxor was not, in the opinion of Defendants, a claimant or insured under the insurance policy. (Dkt. #23, Mot. Ex. H.) As of the

date of this Order, Defendants still have not provided documentation indicating the specific reason American Insurance denied coverage under the policy.  Defendants' failure to give prompt response to Luxor's claim under the insurance policy and its refusal to give a proper explanation for its denial of Luxor's claim are both clear violations of Nevada's Unfair Claims Practices Statute.  Accordingly, the Court finds Defendants violated this statute, and it grants Luxor's motion for summary judgment as to liability for this claim.  Issues regarding damages under this statute will be determined at a later date.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Fireman's Fund and American Insurance Company's Motion for Summary Judgment (#22) is GRANTED as to Plaintiff Luxor Hotel & Casino's claims under the Fireman's Fund insurance policy.

IT IS FURTHER ORDERED that Luxor's Motion for Summary Adjudication (#23) is DENIED as to its claims under the Fireman's Fund insurance policy.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (#22) is GRANTED in part and DENIED in part as to Luxor's claims under the American Insurance policy as follows:

Defendants' Motion is GRANTED as to Luxor's claim for a declaration that it is entitled to insurance coverage as an additional insured for property damage; Luxor's claim for a declaration that it may recover damages as an additional insured for business interruption, extra expenses, covered glass, and damage to foundation; Luxor's claim for breach of contract; and Luxor's claim for bad faith.

Defendants' Motion is DENIED as to Luxor's remaining claims under the American Insurance policy.

/

/

IT IS FURTHERED ORDERED that Luxor's Motion for Summary Adjudication (#23) is GRANTED in part and DENIED in part as it pertains to its claims under the American Insurance policy as follows:

Luxor's Motion is GRANTED as to its claim for a declaration that it is an additional insured under the American Insurance policy; its claim for a declaration that it is entitled to insurance coverage under the "property of others" clause in the policy; and its claim for liability under Nevada's Unfair Claims Practices Statute.

Luxor's Motion is DENIED as to its remaining claims under the American Insurance policy.

Dated: June 7, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**