# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMPARTS, INC., | ) |
| Plaintiff(s), | ) Case No. 2:09-cv-0371-RLH-LRL |
| vs. | ) **O R D E R** |
| FIREMAN'S FUND INSURANCE COMPANY, *et al.*, | ) (Letter Request for Extension) |
| Defendant(s). | ) |

        The Court has received a letter (dated February 8, 2011) from counsel for Defendant American Insurance Company purporting to have the express approval of counsel for Plaintiff. The letter amounts to a motion, or stipulation, asking the Court to reopen the time to file motions for summary judgment to permit such motions on selected topics.

        The Court objects to counsel using a letter rather than a stipulation filed by the parties. Furthermore, the Court will docket the letter and deny the request contained therein for reasons set forth below.

        First, the deadline for filing dispositive motions expired nearly a year ago, on February 26, 2010. That deadline was a deadline extended from the original deadline upon the request of the parties.

1

1    Second, motions for summary judgments were filed by the parties in February 2010,
2    before the scheduled cutoff which failed to address the issues presently raised.
3    Third, the Court order addressing those motions was entered June 7, 2010 (#30). The
4    matter is set for trial on May 23, 2011.
5    Fourth, to accommodate the Court's consideration of those motions, and subsequent
6    settlement discussions, the Court has granted no less than five extensions to file the Proposed Joint
7    Pretrial Order. The Joint Pretrial Order was filed two and one-half months ago, on November 29,
8    2010.
9    Fifth, while the letter proposes a briefing schedule which would permit the filing of
10   additional motions for summary judgment on March 14, oppositions on March 28, and replies on
11   April 4, with the idea that it would permit the maintenance of the May 23 trial date, it ignores the
12   Court's trial calendar and the plethora of large dispositive motions presently ripe for consideration
13   before this Court and the increase of the number and the size of such motions which have inundated
14   this Court over the last year and which threaten to continue to grow in number. Accordingly, the
15   Court does not have the luxury dropping the motions presently under consideration, and which have
16   been pending for some time, to immediately address additional, untimely motions for summary
17   judgment the moment they may be filed, in order to meet the May 23 trial date.
18   Last, not only do the parties suggest the trial of this case (in which a jury was
19   demanded) should be conducted piecemeal, but the last issue which they wish to address involves
20   "whether plaintiff would be entitled to attorney fees as a result of the Court's prior ruling that
21   defendant was in violation of NRS 686A.230." The Court has examined its prior ruling carefully
22   and finds no reference to NRS 686A.230 or its violation. Furthermore, the Court will not address
23   the issue of attorney fees before the case is concluded.
24   / / / /
25   / / / /
26   / / / /

IT IS THEREFORE ORDERED that the Letter Request be docketed with the Court.

IT IS FURTHER ORDERED that the Letter Request is DENIED.

Dated; February 14, 2011.

_____
Roger L. Hunt
Chief United States District Judge

3