# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMPARTS, INC., a Nevada Corporation, d/b/a Luxor Hotel and Casino,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; THE AMERICAN INSURANCE COMPANY, an unknown entity; and DOES 1–50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:09-cv-00371-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Liquidation of Damages–#119;<br>Motion for Attorneys Fees–#128;<br>Motion to Amend Judgment–#129;<br>Motion for Sanctions–#130;<br>Motion for Sanctions–#131) |

　　　　　Before the Court is Plaintiff Ramparts, Inc.'s ("Luxor") **Motion for the Liquidation of Damages Awarded by the Jury** (#119, filed June 20, 2011). The Court has also considered Defendant American Insurance Company's ("American Insurance") Opposition (#144, filed July 7, 2011), and Luxor's Reply (#150, filed July 18, 2011).

　　　　　Also before the Court is Luxor's **Motion for Attorney's Fees and Costs** (#128, filed June 20, 2011) for American Insurance's failure to obtain a judgment more favorable than Luxor's offer of judgment. The Court has also considered American Insurance's Opposition (#145, filed July 7, 2011), Luxor's Reply (#151, filed July 18, 2011), and American Insurance's Sur-Reply (#157, filed July 22, 2011).

1

1         Also before the Court is Luxor's **Motion to Amend Judgment to Include Pre-**
2   **and Post-Judgment Interest** (#129, filed June 20, 2011). The Court has also considered
3   American Insurance's Opposition (#143, filed July 7, 2011), and Luxor's Reply (Dkt. #152, filed
4   July 18, 2011).
5         Also before the Court is Luxor's **Motion for Sanctions** (#130, filed June 20, 2011)
6   for American Insurance's failure to admit request for admission's 1, 3, 4, and 8 later established to
7   be true. The Court has also considered American Insurance's Opposition (#147, filed July 7,
8   2011), and Luxor's Reply (#153, filed July 18, 2011).
9         Finally, before the Court is Luxor's **Motion for Sanctions** (#131, filed June 20,
10  2011) for American Insurance's failure to admit request for admission's 9 and 10 later established
11  to be true. The Court has also considered American Insurance's Opposition (#146, filed July 7,
12  2011), and Luxor's Reply (#154, filed July 18, 2011).

13                                 **BACKGROUND**

14        Luxor owns and operates the Luxor Hotel & Casino in Las Vegas. In 2006, Luxor
15  entered into a lease agreement with Heptagon, a non-party to this action, in which Heptagon
16  agreed to construct, develop, and operate a restaurant in the Luxor. Heptagon first insured the
17  restaurant through Fireman's Fund Insurance Company ("Fireman's Fund") and then through
18  American Insurance.
19        On February 26, 2008, while the American Insurance policy was in effect, part of
20  the restaurant became overloaded with people and the restaurant floor collapsed, causing structural
21  damage to the Luxor. Luxor then submitted a claim to both Fireman's Fund and American
22  Insurance as an additional insured under Heptagon's policy. Both Fireman's Fund and American
23  Insurance denied Luxor's claims.
24        In January 2009, Luxor filed suit against Fireman's Fund and American Insurance
25  asserting claims for breach of contract, bad faith, unfair insurance practices, as well as several
26  claims for declaratory relief. The Court dismissed Fireman's Fund from the case and disposed of

AO 72
(Rev. 8/82)

all of Luxor's claims on summary judgment with exception to two of its claims for declaratory relief. (Dkt. #30, Order, June 7, 2010). The Court also granted summary judgment in favor of Luxor for its Unfair Insurance Practices claim, finding that American Insurance violated NRS 686A.310 of the Unfair Insurance Practices Act (the "Act"). (*Id*.).

The case proceeded to trial and on May 26, 2011, the jury rendered a verdict in favor of Luxor. (Dkt. #104, Verdict). Specifically, the jury found that Luxor suffered damages under the Property of Others clause in the American Insurance policy in the amount of $1,200,000. (*Id*.). The jury also found that American Insurance's failure to comply with the Unfair Insurance Practices Act necessitated Luxor's filing the lawsuit. (*Id*.). The Clerk of Court therefore entered judgment in favor of Luxor and against Fireman's Fund and American Insurance in the amount of $1,200,000. However, on June 10, the Court issued a *Nunc Pro Tunc* correction of judgment (#117) removing Fireman's Fund from the judgment because the Court had previously dismissed Fireman's Fund from the case. In the *Nunc Pro Tunc* order, the Court also reduced the amount of damages to $50,000 because the Property of Others clause was subject to a $50,000 sublimit.

Luxor subsequently filed five motions, including a motion to amend the *Nunc Pro Tunc* judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a motion for attorney's fees, a motion for liquidation of damages, and two motions for sanctions. Luxor then appealed the case to the Ninth Circuit Court of Appeals, raising three principal issues: (1) whether the Court properly disposed of some of Luxor's claims on summary judgment; (2) whether the Court properly dismissed Luxor's punitive damages claim during trial; and (3) whether the Court properly reduced Luxor's damages from $1,200,000 to $50,000. The Ninth Circuit, however, issued an order noting that Luxor's appeal was filed while its Rule 59(e) motion was still pending. (Dkt. #158, Order of USCA, July 28, 2011). Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, an appeal is ineffective until that motion is disposed of by the Court. (*Id*.). For the reasons discussed below, the Court grants Luxor's motions to amend and for liquidation of damages in part and denies them in part, and denies their other motions.

**DISCUSSION**

**I.     Motion for Liquidation of Damages**

As stated above, the Court granted summary judgment in favor of Luxor for its Unfair Insurance Practices claim, finding that American Insurance violated the Unfair Insurance Practices Act (the "Act"), NRS 686A.310. (Dkt. #30, Order). Also, the jury found that American Insurance's failure to comply with the Act necessitated Luxor's filing the lawsuit. (Dkt. #104, Verdict). However, the jury was not asked to decide Luxor's damages for this claim; the Court reserved that determination for itself. Accordingly, Luxor filed this motion asking the Court to award damages for American Insurance's violation of the Act.

The Act states that "an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice." NRS 686A.310(2). Luxor asks the Court to award it the attorney's fees it incurred in this lawsuit ($594,194.75) as damages for American Insurance's violation. However, Luxor's $594,194.75 in attorney's fees are not the proper measurement of damages for this claim because Luxor would have pursued its claims under the American Insurance policy even if American Insurance did not violate the Act, thereby incurring these fees regardless. Further, the Act itself does not state that attorney's fees are the proper measurement of damages. The Court finds that $10,000 is sufficient both to compensate Luxor for the damages it sustained for this claim and to discourage American Insurance from violating the statute in the future and awards Luxor that amount for American Insurance's violation of the Act.

**II.    Motion to Amend Judgment**

    **a.     Legal Standard**

"Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982), *overruled on other grounds by Mayle v. Felix*, 545 U.S. 644, 657–59 (2005). A party may use a Rule 59(e) motion to request that a court amend a judgment to include

4

prejudgment interest. *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 175 (1989). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Luxor's motion to amend asks the Court to amend the *Nunc Pro Tunc* correction of judgment (#117) to include pre- and post-judgment interest.

    **b.**    **Analysis**

        **1.**    **Pre-Judgment Interest for Damages under the Property of Others Clause**

Luxor argues that it is entitled to pre-judgment interest for the damages it sustained under the Property of Others clause in the American Insurance policy. In a diversity action, such as this, state law determines the availability of prejudgment interest. In Nevada, NRS 99.040(1) is the prejudgment interest statute that governs contract cases. *Kerala Properties, Inc. v. Familian*, 137 P.3d 1146, 1147 (Nev. 2006). Under NRS 99.040(1), the proper prejudgment interest rate is the prime rate in effect at the largest bank in Nevada on the date the contract was signed, plus 2 percent. NRS 99.040(1); *Kerala*, 137 P.3d at 1148. Prejudgment "interest is recoverable as a matter of right upon money due from contracts." *Schoepe v. Pacific Silver Corp.*, 893 P.2d 388, 390 (Nev. 1995). "'[T]hree items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate must be applied.'" *Kerala*, 137 P.3d at 1148–49 (quoting *Schoepe*, 893 P.2d at 389).

American Insurance argues that NRS 17.130—not NRS 99.040(1)—is the applicable prejudgment interest statute. The Court disagrees. NRS 17.130 is "the statute governing prejudgment interest in *noncontract* actions . . . ." *Kerala*, 137 P.3d at 1148 (emphasis added), and contrary to American Insurance's assertions, this is a contract action. Therefore, because prejudgment interest is mandatory, *Schoepe*, 893 P.2d at 390, the Court will determine the amount due to Luxor in this case.

///

5

1    First, the Court must determine the proper rate of interest. *Kerala*, 137 P.3d at
2 1148.  As stated above, the proper prejudgment interest rate is the prime rate in effect at the largest
3 bank in Nevada on the date the contract was signed, plus 2 percent.  NRS 99.040(1); *Kerala*, 137
4 P.3d at 1148.  Both parties agree that the interest rate is 10.25%.  The Court must therefore
5 determine on which date the interest in this case began to run.  The statute states that interest
6 begins to run "from the time [the money] becomes due."  NRS 99.040(1).  The Court finds that the
7 date on which the money became due was August 22, 2008, the date on which Luxor submitted a
8 claim under Heptagon's original Fireman's Fund insurance policy and the subsequent American
9 Insurance policy.  Accordingly, because the Court entered judgment in this case on June 6, 2011,
10 the interest period totals 1,019 days.

11    Finally, the Court must determine the amount of damages to which the interest rate
12 is to be applied.  The Court finds that because the Property of Others clause was subject to a
13 $50,000 sublimit, that is the proper amount to which the 10.25% interest rate be applied.
14 Therefore, using the appropriate method for calculating prejudgment interest as established in
15 *Albios v. Horizon Cmtys., Inc.*, 132 P.3d 1022, 1033 n. 39 (Nev. 2006), the Court finds that Luxor
16 is entitled to $14,266.00 in prejudgment interest for the damages it sustained under the Property of
17 Others clause.

18    **2.    Pre-Judgment Interest for Damages under the Unfair Insurance**
19             **Practices Act**

20    Luxor also argues that it is entitled to pre-judgment interest for any damages it is
21 awarded for American Insurance's NRS 686A.310 violation.  As discussed above, the Court is
22 awarding Luxor $10,000 because that is what the Court finds Luxor's damages to be as a result of
23 the violation, and because such an award is sufficient to discourage American Insurance from
24 engaging in such conduct in the future.  Because Luxor's claim under the Act is not based upon a
25 contract, the Court finds that the pre-judgement interest computation in NRS 17.130 applies to
26 these damages.  Under NRS 17.130, pre-judgement interest runs from "the time of service of the

1  summons and complaint until" the judgment is entered.  The interest rate applicable under NRS

2  17.130(1) is "the prime rate at the largest bank in Nevada . . . on January 1 or July 1, as the case

3  may be, immediately preceding the date of judgment, plus 2 percent."  NRS 17.130(2).

4         American Insurance was served with the summons and complaint on January 26,

5  2009, and the Clerk of Court entered judgment on June 6, 2011—a period of 862 days.  The proper

6  interest rate under NRS 17.130(2) is 5.25%.  Therefore, using the appropriate method for

7  calculating pre-judgment interest as established in *Albios*, 132 P.3d at 1033 n. 39, the Court finds

8  that Luxor is entitled to $1,241.28 in pre-judgment interest for the damages it sustained under NRS

9  686A.310 of the Nevada Unfair Insurance Practices Act.

10        **3.**    **Post-Judgment Interest**

11        In a diversity action, federal law governs the award of post-judgment interest.

12 *American Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996).  Post-

13 judgment interest "shall be allowed on any money judgment in a civil case recovered in a district

14 court . . . [and] shall be calculated from the date of the entry of judgment . . . ."  28 U.S.C. § 1961.

15 "Thus, it is mandatory that postjudgment interest be allowed where a money judgment has been

16 recovered in a civil case."  *Lake Tahoe Sailboat Sales & Charter, Inc. v. Douglas County*, 562 F.

17 Supp. 523, 524 (D. Nev. 1983).  Post-judgment interest accrues on attorney's fees, *Friend v.*

18 *Kolodzieczak*, 72 F.3d 1386, 1391–92 (9th Cir. 1995), and on prejudgment interest.  *Air*

19 *Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290–91 (9th Cir. 1994).

20        In this case, Luxor received a money judgment for attorney's fees as an element of

21 damages to their unfair insurance practices claim.  That is, the jury found that American

22 Insurance's failure to comply with the Act necessitated Luxor's filing this lawsuit.  (Dkt. #104,

23 Jury Verdict), and as damages for American Insurance's conduct Luxor is entitled to attorney's

24 fees.  (Dkt. #110, Jury Instructions, No. 15).  In addition, the jury returned a verdict in Luxor's

25 favor for their claim for declaratory relief under the Property of Others clause of the American

26 Insurance policy.  The Court has reduced the amount of damages awarded to Luxor under that

clause to $50,000. Accordingly, Luxor is entitled to post-judgement interest both for their $10,000 in damages under the Unfair Insurance Practices Act and their $50,000 in damages under the Property of Others clause. Finally, Luxor is awarded post-judgment interest on the pre-judgment interest that has accrued from their Property of Others and Unfair Insurance Practices claims.

### c.    Summary

The Court therefore grants Luxor's motion to amend judgment to include prejudgment interest, as follows: Luxor is awarded prejudgment interest in the amount of $14,266.00 on its damages under the Property of Others clause, and in the amount of $1,241.28 on its damages under the Unfair Insurance Practices Act. Luxor is also awarded post-judgment interest both on their $10,000 in damages under the Unfair Insurance Practices Act and their $50,000 in damages under the Property of Others clause. Finally, Luxor is awarded post-judgment interest on the pre-judgment interest that has accrued for their Property of Others and Unfair Insurance Practices claims.

### III.    Motion for Attorney's Fees

Luxor also asks the Court to award it attorney's fees under NRS 17.115 and Rule 68 of the Nevada Rules of Civil Procedure, which state that if an offeree rejects an offer and does not obtain a judgment more favorable than the judgment, the offeree must pay the offeror's post-offer attorney's fees. Luxor argues that it made American Insurance an offer on November 29, 2010, in the amount of $325,000, which American Insurance denied. Luxor also argues that because the jury returned a verdict in favor of Luxor, American Insurance obtained a judgment less favorable than the offer. Accordingly, Luxor argues that American Insurance should pay the attorney's fees Luxor incurred after November 29, 2010.

However, the Court finds that pursuant to Rule 68 of the Federal Rules of Civil Procedure Luxor is not entitled to any attorney's fees after November 17, 2010. Rule 68 is the federal version of the state rules Luxor relies on. Under Rule 68, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

costs incurred after the offer was made." Fed. R. Civ. P. 68(d); *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993). Luxor forgets that the judgment it obtained was only for $50,000, and that it received an offer of judgment from American Insurance and Fireman's Fund in the amount of $75,000 on November 17, 2010. (Dkt. #144, Opposition, Ex. 2). Therefore, Luxor is not entitled to recover the attorney's fees it incurred after that date.

Luxor argues that because the offer of judgment was a joint offer—that is, an offer from both American Insurance and Fireman's Fund—it is "not comparable to, and cannot be evaluated against the judgement obtained at trial against only" American Insurance. (#150, Reply, July 18, 2011). According to Luxor, American Insurance would only be responsible for paying a portion of the $75,000 offer because it was jointly made with Fireman's Fund. Thus, because Luxor's judgment was obtained only against American Insurance, the full $75,000 offer amount should not be used to determine whether Luxor's judgment was less favorable than the offer under Rule 68. The Court disagrees. The offer of judgment was extended to Luxor after the Court had dismissed Fireman's Fund from the case on summary judgment. (Dkt. #30, Order, June 6, 2010). Therefore, it was reasonable for Luxor to presume that American Insurance would be responsible for the entire $75,000. Accordingly, Luxor is not entitled to recover attorney's fees after November 17, 2010, which includes the attorney's fees it incurred after its offer of judgment from November 29, 2010.

**IV.     Motions for Sanctions**

     **a.     Legal Standard**

Luxor argues that it is entitled to attorney's fees as sanctions against American Insurance for failure to admit several requests for admissions. Rule 37(c)(2) states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);

9

(B) the admission sought was of no substantial importance;
(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
(D) there was other good reason for the failure to admit.

Luxor claims that American Insurance failed to admit six of Luxor's requests for admission that it later proved. The Court will discuss each in turn.

**b.    Analysis**

**1.    Request for Admission No. 1**

Luxor's first request for admission asks American Insurance to "[a]dmit that plaintiff Ramparts, Inc. is an additional insured under the AIC policies." American Insurance answered by checking the "Deny" box and then objecting on the grounds that the request is vague. American Insurance also stated that Luxor was an additional insured under the Fireman's Fund policy and "added" as an additional insured under the American Insurance policy after "the date of loss."

The Court finds that American Insurance should not be sanctioned for this request for admission because the admission sought is not substantially important. Although the Court held that Luxor was an additional insured under the American Insurance policy on the date of loss, the Court limited Luxor's coverage to the extent it seeks indemnification for liability caused by Heptagon's acts or omissions. Therefore, because Luxor did not bring a claim for indemnification its status as an additional insured is not important to their claims that survived summary judgment. Therefore, the Court refuses to sanction American Insurance for this request for admission.

**2.    Requests for Admission Nos. 3, 4 & 8**

Luxor's third, fourth, and eighth requests for admission all relate to American Insurance's liability under the Unfair Insurance Practices Act. Luxor argues that because the Court ultimately found that American Insurance violated that act they should be sanctioned for not admitting the facts requested. However, as discussed above, Luxor is already receiving damages for American Insurance's violation of the statute. The purpose of the damages Luxor obtained for

10

1  American Insurance's violation is, in effect, to sanction American Insurance. Obtaining attorney's
2  fees as sanctions in addition to those damages is duplicative. Therefore, the Court refuses to
3  sanction American Insurance for requests 3, 4, and 8 as well.

### 3. Requests for Admission Nos. 9 and 10

Luxor's ninth and tenth requests for admission essentially ask American Insurance to admit that Luxor is entitled to coverage under the American Insurance policy for damages it suffered as a result of the restaurant's collapse. American Insurance denied both requests. The Court finds that sanctions are improper for these requests because they are vague and because American Insurance had reasonable grounds to believe it would prevail on the policy claims. Whether American Insurance was liable under the policy for Luxor's costs and losses was the central issue to be resolved by the jury at trial. Although American Insurance did not prevail at trial, the "true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Fed. R. Civ. P. 37(c), Advisory Committee Notes on 1970 Amendment. And the Court finds that American Insurance reasonably believed that it could have prevailed on this issue at trial. Therefore, the Court refuses to sanction American Insurance for requests 9 and 10.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Luxor's Motion for Liquidation of Damages (#115) is GRANTED in part and DENIED in part. The Court awards Luxor $10,000 as damages for its Nevada Unfair Practices Act claim.

IT IS FURTHER ORDERED that Luxor's Motion for Attorney's Fees (#128) is DENIED.

IT IS FURTHER ORDERED that Luxor's Motion to Amend Judgment (#129) is GRANTED in part and DENIED in part. Luxor is awarded prejudgment interest in the amount of $14,266.00 for its damages under the Property of Others clause, and in the amount of $1,241.28

AO 72
(Rev. 8/82)

11

for its damages under the Unfair Insurance Practices Act. Luxor is also awarded post-judgment interest both for their $10,000 in damages under the Unfair Insurance Practices Act and their $50,000 in damages under the Property of Others clause. Finally, Luxor is awarded post-judgment interest for the pre-judgment interest that has accrued for their Property of Others and Unfair Insurance Practices claims.

IT IS FURTHER ORDERED that Luxor's Motion for Sanctions (#130) is DENIED.

IT IS FURTHER ORDERED that Luxor's Motion for Sanctions (#131) is DENIED.

Dated: August 22, 2011

_____
**ROGER L. HUNT**
**United States District Judge**